NEIL D. GREENSTEIN (SBN 123980)
TechMark
1934 Old Gallows Road, Suite 350
Vienna, VA 22182
Telephone: (347) 514-7717
E-mail: ndg@techmark.com
Attorneys for Plaintiff
WHEEL PROS, LLC

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| WHEEL PROS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ELITE WHEEL DISTRIBUTORS, INC., and DOES 1-25,<br><br>    Defendants. | Case No. 8:23-cv-01116-FWS-DFM<br><br>**CONSENT DECREE AND PERMANENT INJUNCTION** |

    WHEREAS, Plaintiff Wheel Pros, LLC (herein "Wheel Pros" or "Plaintiff") initiated this action against Defendants Elite Wheel Distributors, Inc. ("Elite") and does 1-25 (herein collectively with Elite, "Defendants") (Plaintiff and Defendants collectively "the Parties"), asserting allegations of trademark infringement, unfair competition, dilution, and unjust enrichment, in violation of the Lanham Act and pertinent state laws;

    WHEREAS, Wheel Pros maintains exclusive ownership of various Star Marks, as outlined below, with significant consumer recognition owing to its consistent promotional efforts;

    WHEREAS, Defendants, have allegedly infringed upon and diluted these

marks and committed unfair competition against Wheel Pros and been unjustly enriched;

WHEREAS, Elite denies any wrongdoing in connection with the above;

WHEREAS, rather than spending time and money to litigate Wheel Pros' allegations, the Parties desire to resolve the present dispute in a business-like fashion;

NOW, THEREFORE, in view of the pleadings on file in this case and upon stipulation of the Parties, the Court hereby finds the following:

## SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction over this action including, without limitation, the claims of trademark infringement, false designations, false descriptions, dilution, and unfair competition in violation of the Lanham Act. 28 U.S.C. §§ 1331, 1332, and 1338(a). This Court has subject matter jurisdiction over the substantial and related state and common law claims for trademark infringement, unfair competition, dilution, and unjust enrichment pursuant to 28 U.S.C. §§1338(b) and 1367(a). The Court has personal jurisdiction over Elite as to this matter.

## WHEEL PROS' STAR MARKS

A. Plaintiff is the exclusive owner of the "Star Marks," namely the trademarks shown and described in U.S. Trademark Registration Nos. 5,001,689; 4,476,338; 4,286,454; and 5,073,428 (copies of such registrations are attached hereto as collective Exhibit 1), and common law marks that incorporate a star shape that Wheel Pros has used in connection with wheels and related goods and services, and that all of said marks are arbitrary, non-functional, valid, subsisting, and owned by Wheel Pros.

B. U.S. Trademark Registration No. 5,001,689 protects Wheel Pros' exclusive right to the following design in connection with "Automotive vehicle

wheels and components thereof":



C. Registration No. 5,001,689 has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros to the star design shown in such registration. Plaintiff asserts that at all relevant times, Wheel Pros has provided notice pursuant to 15 U.S.C. § 1111 that the mark shown in Registration No. 5,001,689 is registered.

D. U.S. Trademark Registration No. 4,476,338 protects Wheel Pros' exclusive right to the following design in connection with "Automotive vehicle wheels and components thereof":



E. U.S. Trademark Registration No. 4,286,454 protects Wheel Pros' exclusive right to the following design in connection with "Parts and accessories for automotive vehicles, namely, wheels and components thereof":



1  F. Registration No. 4,286,454 has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros to the star design shown in such registration. Plaintiff asserts that at all relevant times, Wheel Pros has provided notice pursuant to 15 U.S.C. § 1111 that the mark shown in Registration No. 4,286,454 is registered.

G. U.S. Trademark Registration No. 5,073,428 protects Wheel Pros' exclusive right to the following design in connection with "Automotive vehicle wheels and components thereof":



H. Registration No. 5,073,428 has become "incontestable" under the provisions of the Trademark Act and is conclusive proof of the exclusive rights of Wheel Pros to the star design shown in such registration. Plaintiff asserts that at all relevant times, Wheel Pros has provided notice pursuant to 15 U.S.C. § 1111 that the mark shown in Registration No. 5,073,428 is registered.

I. All of the above trademark registrations are valid and subsisting.

**WHEEL PROS' STAR MARKS ARE ALLEGED TO HAVE STRONG CONSUMER RECOGNITION**

J. Wheel Pros alleges that its Star Marks are not only unique but are also inherently distinctive, setting them apart from any other manufacturer in the automotive industry. Wheel Pros' asserts that these trademarks possess an arbitrary and fanciful nature in the context of wheels, further enhancing their distinctiveness.

Indeed, as explained by Wheel Pros, no other entity, individually or collectively, utilizes these trademarks to denote the source of wheels in the automotive industry as Wheel Pros does.

K. Wheel Pros' asserted rights in its Rockstar line, a jewel in Wheel Pros' crown, represent the epitome of boldness and individuality. As explained by Wheel Pros, the Rockstar brand captures the essence of the rebellious and unapologetic spirit that defines the world of custom wheels. Wheel Pros is proud of its asserted meticulous precision-engineered Rockstar wheels, which it boasts have cutting-edge designs commanding attention and setting trends.

L. According to Wheel Pros, the "star" branding, proudly displayed on every Rockstar wheel, has been litigated and has become an emblem of status and distinction among automotive enthusiasts. Wheel Pros asserts that the Rockstar brand has become an influential force, inspiring a new generation of customizers to express their unique personalities through their vehicles.

M. Wheel Pros' sales of wheels with its star designs have been extensive. According to Wheel Pros it has sold hundreds of millions of dollars of wheels displaying one or more of its Star Marks.

N. Wheel Pros believes that its Star Marks are widely recognized by consumers as identifying authentic, high-quality wheels emanating from Wheel Pros.

O. Wheel Pros' claims that its unwavering commitment to promoting and advertising its products featuring the Star Marks has yielded tremendous sales success.

P. As a result of this persistent and widespread use, coupled with extensive promotion, Wheel Pros asserts that the Star Marks have acquired widespread recognition throughout the United States and that they have come to symbolize and represent Wheel Pros as the exclusive source of a wide range of

aftermarket wheels and related products.

Q.  Wheel Pros alleges that its Star Marks possess inherent distinctiveness, and have achieved substantial consumer recognition in the marketplace. As claimed by Wheel Pros, these trademarks have become a hallmark of Wheel Pros' exceptional reputation, garnering widespread acclaim and loyalty among consumers, advertisers, and retail establishments alike.

**DEFENDANTS' ALLEGED INFRINGEMENT OF WHEEL PROS' STAR TRADEMARKS**

R.  Plaintiff has not licensed, or otherwise authorized Defendants to use Plaintiff's highly coveted Star Marks.

S.  Defendants have advertised and sold a "T-26 Ranger" model of wheel with Plaintiff's "star" logo repeating around the perimeter of the wheel, as shown below:



T.  Elite represented that it purchased the "T-26 Ranger" model of wheel from a third-party that independently designed the "T-26 Ranger" model of wheel.

U. Plaintiff asserts that Defendants' use of Plaintiff's star logo repeating around the perimeter of the Defendants' T-26 Ranger wheel is likely to impair the distinctiveness of Wheel Pros' Star Marks, and dilute their distinctive quality, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

V. Defendants have advertised and promoted, and allegedly will continue to advertise, promote and distribute their T-26 Ranger wheels (collectively, Defendants' "Infringing Wheels") unless enjoined by this Court.

W. Plaintiff asserts that the advertisements, promotions, sales, distributions and offers for sale of the "T-26 Ranger" model wheel are causing, and if continued would continue to cause, a likelihood of confusion, mistake or deception and actual confusion among purchasers of wheels as to the source of those products.

X. Wheel Pros asserts that such advertisements, promotions, sales, distributions and offers for sale are allegedly diminishing, and if continued would allegedly continue to diminish, the distinctiveness and the valuable goodwill and reputation of Wheel Pros' Star Marks, resulting in lost sales of wheels and lower profits by Wheel Pros. Such acts if continued would allegedly continue to cause irreparable harm to Wheel Pros.

Y. Plaintiff asserts that Defendants have used, are using, and allegedly will continue to use Wheel Pros' Star Marks, or confusingly similar marks, in connection with its wheels, which have created, are creating, and if continued would continue to create, a strong likelihood of confusion, mistake, or deception among purchasers of Defendants' goods and with the wheels advertised, promoted, distributed and sold by Wheel Pros.

Z. Plaintiff asserts that Defendants' conduct constitutes trademark dilution, tarnishment, and blurring under federal and state law.

AA. Plaintiff asserts that Defendants' use of trademarks confusingly similar to Wheel Pros' trademarks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of their wheels constitutes trademark infringement and unfair competition under federal and state law, because such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion, deception, and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and reputation.

BB. Plaintiff asserts that Defendants' use of trademarks very similar to Wheel Pros' highly distinctive trademarks creates a likelihood that a false and unfair association will be made between Defendants' wheels and the wheels of Wheel Pros so that the purchasing public is likely to believe, that Defendants' wheels are products of Wheel Pros or are associated with, affiliated with, or otherwise sponsored by Wheel Pros.

CC. Plaintiff asserts that Defendants' acts have caused and, unless restrained, would continue to cause Wheel Pros to suffer substantial irreparable damages and injury through, *inter alia*, a likelihood of confusion, deception and mistake among the relevant purchasing public and the wheel trade as to the source, origin, sponsorship, or approval of the goods associated with Wheel Pros' Star Marks; and depreciation of Wheel Pros' valuable goodwill and business reputation symbolized by its distinctive trademarks.

DD. Plaintiff asserts that it has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendants, and that Wheel Pros will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained herein.

EE. Plaintiff asserts that it has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified and such ongoing injury cannot be

adequately compensated by a monetary payment.

FF. Elite denies any liability in connection with Plaintiff's Star Marks.

GG. The Parties desire to the avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of the breach of a settlement agreement between the parties relating to this case (the "Settlement Agreement") or other need for judicial interpretation thereof.

HH. The Parties stipulate and agree to the entry of a permanent injunction in the form set forth below.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. <u>Wheel Pros' Star Marks are Valid and Enforceable</u>. Plaintiff is the exclusive owner of the "Star Marks," which for purposes of this Order are the trademarks shown and described in U.S. Trademark Registration Nos. 5,001,689; 4,476,338; 4,286,454; and 5,073,428, as well as all common law marks that incorporate a star shape that Wheel Pros has used in connection with wheels or related goods and services. Wheel Pros' Star Marks are arbitrary, non-functional, valid, subsisting, and enforceable by Wheel Pros.

2. <u>Infringement, Dilution, Unfair Competition, and Unjust Enrichment</u>. Elite, through its purchase and resale of third party wheels, has infringed Plaintiff Wheel Pros' Star Marks under the Lanham Act and state law including California law by creating a likelihood of confusion therewith via Defendant's advertising and sales of its T-26 Ranger wheel, has also diluted at least some of Plaintiff's Star Marks, under the Lanham Act and state law including California law, has thereby committed unfair competition against Plaintiff under the Lanham Act and state law including California law.

3. <u>Permanent Injunction</u>. Elite, including its affiliates, servants, agents,

employees, subsidiaries, divisions, officers, directors, licensees, suppliers, successors and assigns, and all those acting in concert or participation with them, are hereby permanently enjoined and restrained from:

    (a) Using in any manner any of Wheel Pros' Star Marks or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, Elite Wheel Distributors, Inc.'s T-26 Ranger wheel, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Wheel Pros;

    (b) Using in any manner any of Wheel Pros' Star Marks or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, Elite Wheel Distributors, Inc.'s T-26 Ranger wheel, on or in connection with the advertising, offering to render or rendition or any service not approved by, sponsored by or otherwise authorized by Wheel Pros;

    (c) Attempting to or actually passing-off, inducing or enabling others to sell or pass-off any product or service as a product or service affiliated with or sponsored by Wheel Pros, which product is not produced or service is not rendered under the authorization, control and supervision of Wheel Pros, including, without limitation, Elite's T-26 Ranger wheel;

    (d) Copying, making confusingly similar or colorable imitations of, or modifying any of Wheel Pros' advertising or promotional materials for use in connection with the advertising, promotion or sale of any of Elite's goods;

    (e) Committing any acts calculated or intended to cause purchasers to believe falsely that any of Elite Wheel Distributors, Inc.'s products are associated with, sponsored by, approved by, guaranteed by, connected with or

produced under the control and supervision or within the authority of Wheel Pros;

(f) Further diluting or infringing the rights of Wheel Pros in and to the Wheel Pros Star Marks;

(g) Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, advertising materials, goods or inventory bearing any of Wheel Pros' Star Marks or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, Elite Wheel Distributors, Inc.'s T-26 Ranger wheels and packaging and marketing materials therefore, which materials, goods or inventories were not manufactured by or for Wheel Pros or authorized by Wheel Pros to be used, sold or offered for sale in association with or bearing any of such marks or trade dresses;

(h) Obtaining, possessing, manufacturing, or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing Wheel Pros' Star Marks or any marks confusingly similar thereto, and packaging and advertising or display material relating thereto; or

(i) Continuing to perform in any manner whatsoever any infringing acts against Wheel Pros Star Marks.

4.   <u>Delivery of Infringing Materials</u>. Defendants must within 90 days deliver or certify in writing the destruction to Wheel Pros or its attorneys any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing any of the Star Marks, alone or in combination with any other words, or any other words or symbols which so

resemble the Wheel Pros' Star Marks trademarks as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed or otherwise authorized by Wheel Pros. Defendants must also within 90 days deliver to Wheel Pros or its attorneys any and all disks, tapes, computer graphic files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of Wheel Pros' Star Marks which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros, or alternatively must within that timeframe certify the destruction of the above items in writing to Wheel Pros' attorneys.

5. <u>Future Products</u>. Except as otherwise specifically set forth herein, the terms and conditions herein shall apply to all products now or in the future sold by, offered for sale by, marketed by, licensed by and/or otherwise controlled by Elite, its affiliates, officers, directors, shareholders, agents, servants, employees, subsidiaries, divisions, licensees, successors and assigns, and all persons and entities in active concert or participation with any of them.

6. <u>Payment of Settlement Sum</u>. Elite shall pay Wheel Pros a sum of money as agreed upon by the Parties.

7. <u>Non-Interference</u>. Elite Wheel Distributors, Inc. shall not interfere anywhere in the world with Wheel Pros' use or registration of its Star Marks or derivatives thereof, or any composite mark containing any Wheel Pros Star Marks. In addition, Elite Wheel Distributors, Inc. shall not initiate, prosecute, or in any way aid in the commencement of, the prosecution or defense of any suit, action, claim, defense, counterclaim, cross-claim, affirmative defense, administrative proceeding or other proceeding whatsoever at law or otherwise, anywhere in the world, against Wheel Pros' (or its successors or assigns) use, registration, or enforcement of:

8. (a) any Wheel Pros Star Marks or registrations therefor;

9. (b) any mark or registration containing the Wheel Pros Star Marks or derivatives thereof;

10. (c) any composite mark containing any Wheel Pros Star Mark or registration therefor including any of the Wheel Pros Star Marks or marks confusingly similar thereto.

11. Service. Service may be made upon Defendants by mail addressed as follows: Elite Wheel Distributors, Inc. c/o Ed Milani 3901 Riga Blvd. Tampa, FL 33619. A copy of this Stipulation for Consent Decree and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65. Such service is permissible, notwithstanding Elite Wheel Distributors, Inc.'s representation by counsel. It shall not be necessary for Elite Wheel Distributors, Inc. to sign any form of acknowledgment of this service.

12. Retention of Jurisdiction to Enforce Settlement Agreement. The Court retains jurisdiction to enforce the Settlement Agreement between the Parties.

/ / /

/ / /

13. Entry of Judgment. The Court expressly determines that there is no just reason for delay in entering Judgment and pursuant to Federal Rule of Civil Procedure 54(a), the Court enters Judgment against Defendants.

IT IS SO STIPULATED:

Dated August 22, 2023            NEIL D. GREENSTEIN
                                 TECHMARK

                                 By:  /s/Neil D. Greenstein
                                 Neil D. Greenstein
                                 Attorneys for Plaintiff,
                                 WHEEL PROS, LLC

Dated August 22, 2023            ELITE WHEEL DISTRIBUTORS, INC.

                                 By: [signature] Kamran Milani
                                 Name: Kamran Milani
                                 Title: VP

IT IS SO ORDERED, ADJUDGED, AND DECREED:

Dated: August 31, 2023           [signature]
                                 Hon. Fred W. Slaughter
                                 United States District Judge

# Exhibit 1

# to

# Consent Decree

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,001,689**  
**Registered Jul. 19, 2016**  
**Int. Cl.: 12**  
**Trademark**  
**Principal Register**

Wheel Pros, LLC (DELAWARE LIMITED LIABILITY COMPANY)  
Suite 200  
5347 South Valentia Way  
Greenwood Village, CO 80111

CLASS 12: Automotive vehicle wheels and components thereof

FIRST USE 12-28-2004; IN COMMERCE 12-28-2004

The mark consists of a raised star in the middle of a wheel cap. The broken lines depicting the wheel hub, wheel cap, and lug nuts indicated placement of the mark on the goods and are not part of the mark.

SEC.2(F)

SER. NO. 86-733,660, FILED 08-22-2015

RENEE D MCCRAY, EXAMINING ATTORNEY



Director of the United States  
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,286,454**
**Registered Feb. 5, 2013**
**Int. Cl.: 12**

**TRADEMARK**

**PRINCIPAL REGISTER**

WHEEL PROS, LLC (DELAWARE LIMITED LIABILITY COMPANY)
44 UNION BOULEVARD
SUITE 620
LAKEWOOD, CO 80228

FOR: PARTS AND ACCESSORIES FOR AUTOMOTIVE VEHICLES, NAMELY, WHEELS AND COMPONENTS THEREOF; ALL OF THE FOREGOING NOT RELATING TO BASEBALL OR SOFTBALL OR A BASEBALL OR SOFTBALL TEAM, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 1-31-2007; IN COMMERCE 1-31-2007.

SN 78-981,168, FILED 7-26-2006.

NICHOLAS ALTREE, EXAMINING ATTORNEY



*Acting Director of the United States Patent and Trademark Office*

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,476,338**
**Registered Jan. 28, 2014**
**Int. Cl.: 12**

**TRADEMARK**
**SUPPLEMENTAL REGISTER**

WHEEL PROS, LLC (DELAWARE LIMITED LIABILITY COMPANY)
SUITE 620
44 UNION BLVD.
LAKEWOOD, CO 80228

FOR: AUTOMOTIVE VEHICLE WHEELS AND COMPONENTS THEREOF, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 1-31-2013; IN COMMERCE 1-31-2013.

THE MARK CONSISTS OF THE DESIGN OF A STAR LOCATED ON AN ORNAMENTAL RIVET ON PART OF AN AUTOMOBILE WHEEL. THE BROKEN LINES DEPICTING THE WHEEL HUB, SPOKES, AND RIVET INDICATE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT PART OF THE MARK.

SER. NO. 85-871,679, FILED P.R. 3-8-2013; AM. S.R. 12-18-2013.

CARYN GLASSER, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,073,428**  Wheel Pros, LLC (DELAWARE LIMITED LIABILITY COMPANY)
Suite 200
**Registered Nov. 01, 2016**  5347 South Valentia Way
Greenwood, CO 80111

**Int. Cl.: 12**

**Trademark**  CLASS 12: Automotive vehicle wheels and components thereof

FIRST USE 10-31-2015; IN COMMERCE 10-31-2015

**Principal Register**  The color(s) red and dark red is/are claimed as a feature of the mark.

The mark consists of a multi faceted outlined star containing rectangular shaped outlines that alternate between red and dark red facets.

SER. NO. 87-069,388, FILED 06-13-2016
JAMES B NEVILLE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office